# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

HAN J. YI,

        Debtor.

Case No. A08-00772-DMD

Chapter 7

**Filed On 5/19/09**

## MEMORANDUM ON OBJECTIONS TO CLAIM NO. 1

Byung Yoon has submitted an unsecured claim for $61,908.00 in this proceeding. Both the trustee and Teddy's Tasty Meats have submitted objections to the claim. With the exception of the § 502(d) argument raised by Teddy's Tasty Meats, which is premature, I will overrule their objections and allow Mr. Yoon's unsecured claim in the sum of $60,908.00.[1]

Debtor Han J. Yi owned "Capone's Pizza," located in Spenard. The business fared poorly under his management. He attempted to sell the business. Yoon responded to an advertisement for sale. Yi wanted $140,000.00 for the business. Yoon wouldn't purchase it at that price. Yi talked Yoon into helping him run the business and loaning him money, however. Yoon had borrowed $50,000.00 cash from his daughter and also had $27,000.00 in cash from a disability claim.[2] He kept large amounts of cash in his home. Over the period from September 15, 2006, to October 30, 2007, Yoon advanced $45,508.00 to Yi and Capone's Pizza. Yoon received nothing in return for his loans until the fall of 2008.

---

[1] According to the debtor's counsel, the claim was overstated by $1,000.00 due to a math error.

[2] Yoon's receipt of $50,000.00 cash from his daughter has been documented with bank records.

Yoon worked as an employee at Capone's Pizza and accrued wages at the rate of $2,100.00 per month. Yi owed Yoon $27,300.00 in back wages covering the period from September 15, 2006, to October 30, 2007. Yoon also opened and worked additional hours in the restaurant, seven days a week, for no immediate compensation.

Yi sold the restaurant to Cecelia Synder for $130,000.00 on October 31, 2007. He received $40,000.00 down and a note for monthly payments on a principal balance of about $90,000.00, payable through an escrow at First National Bank Alaska. The Internal Revenue Service seized the down payment. Yi received several payments from the escrow. Yoon demanded that the escrow be placed in his name. After September 25, 2008, Yi executed instructions to First National Bank Alaska directing it to make payments on the escrow to Yoon. Yoon thereafter received $11,900.00 in payments from the escrow.

Yi filed for chapter 7 bankruptcy on November 20, 2008. The trustee sued Yoon to recover the payments he had received and the balance of the escrow on a preference theory. Through settlement, the estate is now the payee of the Capone's Pizza escrow.

Yoon filed a timely, general unsecured claim for $61,908.00. The only document filed in support of the claim was a one page, hand-written list of dates and dollar amounts, with other limited notations. The trustee and Teddy's Tasty Meats object to Yoon's claim primarily due to its lack of supporting documentation. After hearing the evidence on this matter, I conclude the objections should be overruled. Mr. Yoon dealt in cash. He kept large sums of money hidden in his home. There is no ready documentation, such as cancelled checks, to support and document his claim. Mr. Yoon's and Mr. Yi's business

2

practices were, at best, atrocious. That does not mean that they are dishonest men, however. They are Korean immigrants, not Harvard MBAs. They have no formal education in appropriate business practices.

I find Mr. Yoon to be a credible witness. I think he sincerely believed that he could help his countryman salvage the Capone's Pizza business. It was a slippery slope he embarked upon, with more and more time and money needed to keep the business afloat. Mr. Yoon was a lender and an employee of Mr. Yi. He was not a business partner, nor did he buy the business from Yi. He has a legitimate claim for the balance that was owed him even though the parties dealt in cash and did not document their transactions.

Teddy's argues that Yoon's proof of claim should be disallowed because Yoon received preferential payments totaling $11,900.00 in the fall of 2008. Teddy's cites 11 U.S.C. § 502(d) in support of his position. Section 502(d) disallows claims that have been filed by entities which are indebted to the estate under 11 U.S.C. § 547 or other avoidance provisions.[3] To establish a preference, a trustee must prove a variety of elements under 11 U.S.C. § 547(b). The trustee must demonstrate that Yoon received more than he would have received in a chapter 7 if the transfer had not been made.[4] At this point, it is too early to determine if the escrow funds paid to Yoon will satisfy this element. As of May 18, 2009, Yoon is the only creditor who has filed a claim in this case. There is still over $50,000.00

---

[3] This issue was reserved when the trustee settled the adversary proceeding he had filed against Yoon and his daughter. *See* Order Approving Settlement & Dismissal of Adversary Action, filed Mar. 27, 2009 (Docket No. 29), at p. 2.

[4] 11 U.S.C. § 547(b)(5).

3

due upon the note. Given the current state of this case, the payments Yoon received in the fall of 2008 do not appear preferential. However, a claims bar date of August 15, 2009, has been set. Until that bar date has passed, it is impossible to determine whether the prepetition payments received by Yoon are preferential. The pool of creditors must be determined, as well as the size of the estate and the amount of administrative expenses which will be incurred. Teddy's objection on § 502(d) grounds is premature; it may be renewed at a later date.

    An appropriate order will be entered.

    DATED: May 18, 2009.

                        BY THE COURT

                        /s/ Donald MacDonald IV
                        DONALD MacDONALD IV
                        United States Bankruptcy Judge

Serve:    M. Joyner, Esq.
            M. Boutin, Esq.
            E. LeRoy, Esq.
            J. Pharr, Esq.
            K. Battley, Trustee
            U. S. Trustee
                    5/19/09